## Conn v. Helton

No. 40610          January 13, 1958          99 So. 2d 646

*Carl E. Berry, Jr., Joseph H. Stevens,* Hattiesburg, for appellant.

*Wingo & Finch,* Hattiesburg, for appellee.

McGEHEE, C. J.

The appellee, Evans G. Helton, who was the plaintiff in the Circuit Court of Forrest County, recovered a judgment of $2,000 against the appellant, F. D. Conn, as damages for an alleged malicious prosecution instituted by the appellant against the appellee in the justice of the peace court of District No. 3 of said county.

The case arose in this manner: The appellant was the financial secretary-treasurer of the Hattiesburg Building and Construction Trades Council, and the appellee a member of Local No. 359, Plumbers and Pipe Fitters Union, both at Hattiesburg. Both unions had certain of their effects stored in the same room in the Carpenters Building, and on the night of August 4, 1956, the union of which the appellee was a member voted to have its property removed from said room and stored in the residence of the appellee at Hattiesburg, after having obtained his consent for the same to be done. There is some testimony that a large number of the men were present at the meeting of the union of Local 359 that evening, and that they had authorized such removal of the union's books, records, and other office supplies from the said room in the Carpenters Building. Some of the men participated in the removal of the property from the Carpenters Building to the home of the appellee. He was not present, and is not shown to have participated in the removal of the property, but had merely consented for the union to place same in his residence until other space could be obtained.

The appellant had information that the room had been broken into and that one filing cabinet, the Building and Construction Union seal, minute book, and other office supplies, belonging to the Hattiesburg Building and Construction Trades Council, had been moved to the residence of the appellee, along with some property of the said Local No. 359. On the next day the appellant went before the justice of the peace of the said District No. 3 of Forrest County, and informed said officer that he wanted to institute a proceeding to obtain possession of such of the property as belong to the Hattiesburg Building and Construction Trades Council. He made an affidavit and obtained a search warrant for the search of the residence of the appellee. At the request of the justice of the peace, he agreed to accompany the con-

stable to the home of the appellee for the purpose of identifying the property belonging to the union of which he was the financial secretary and treasurer. The constable requested two members of the police force to meet him at the home of the appellee to assist in carrying out the search. On that Sunday afternoon the appellant and the three officers went to the home of the appellee and found the property described in the affidavit and search warrant, to wit, the filing cabinet, the Building and Construction Union seal, minute book, and some other office supplies. They took possession of this property and carried the same to the office of the justice of the peace, and thereupon the appellant made a further affidavit which charged that the appellee did "wilfully and unlawfully possess stolen property, to wit, 1 filing cabinet, Building and Construction seal, minute book, and general office supplies," but without alleging in the affidavit to whom the same belonged. The appellee was arrested pursuant to the last-mentioned affidavit, and the justice of the peace, without any lawful authority for so doing, undertook to bind the appellee over to the county court under an appearance bond instead of conducting a preliminary hearing on this supposed felony to determine whether or not the appellee should be discharged or be bound over to await the action of the grand jury in the circuit court. The bond required the appearance of the appellee before the county court on the second Monday (which was the 13th day) of August, 1956. Of course, there was nothing pending in the county court against the appellee following the making of the last-mentioned affidavit and the execution of the appearance bond.

Thereupon the appellee conferred with an attorney and a surety on his appearance bond, and it was decided at the conference between the appellee, his attorney, and the surety on his appearance bond that since the appellee could not learn where he was to make his appearance, he should surrender himself to the sheriff of the county.

Then a petition was filed on behalf of the appellee for a writ of habeas corpus before the circuit judge of the district.

On the 16th day of August, 1956, a hearing was had in the habeas corpus proceeding with the result that the appellee was fully discharged, and his bondsmen released from further liability, and the property in question was, according to the testimony of the appellee, returned to him, but according to other testimony, the same was returned to the Hattiesburg Building and Construction Trades Council as owner thereof.

The appellant did not appear at the habeas corpus hearing, but stated as a witness on the trial of the subsequent suit for damages for malicious prosecution, that he was absent from the state on the date of such habeas corpus hearing, and on account of missing his plane was unable to return to Hattiesburg to attend such habeas corpus hearing.

In the meantime the justice of the peace had conferred with the county prosecuting attorney and then with the district attorney, both of whom advised the said officer that he should conduct a preliminary hearing on the charge that the appellee had been guilty of possessing the allegedly stolen property, and that at said preliminary hearing the justice of the peace should either discharge the appellee or bind him over to await the action of the grand jury in the circuit court since the property was considered to be of the value of more than $25. However, nothing further was done about the criminal prosecution. The appellant did not appear anywhere to press the charge against the appellee and did not present the charge to the grand jury which had convened prior to the trial of the suit for damages for the alleged malicious prosecution. In other words, the appellant seems to have been satisfied when his union got its property back into its possession. In fact, there is testimony to the effect that he offered to sign the appellee's appearance bond

for his appearance before the county court, but which offer was declined.

It appears that on behalf of the Hattiesburg Building and Construction Trades Council the appellant had one key to the office room in which the property of both unions had been stored, and that one McPhail had the other key to the said room. However, the Bylaws of the Hattiesburg Building and Construction Trades Council, Section 16 thereof, provided that the recording and corresponding secretary should keep the record of the proceedings of the council and should be the custodian of the records and seal of the council. The proof disclosed that one Ray King was the recording and corresponding secretary of the said union, and he testified that he removed the property of the two unions from the room in the Carpenters Building to the home of the appellee after he had been authorized by his union so to do. The proof on behalf of the appellee was to the effect that the room was not burglarized, but that the door thereof was open when Ray King and others went to the same to remove the property in question. King was corroborated by other witnesses in that behalf.

On the other hand, there was proof on behalf of the appellant that the transom of the room in the Carpenters Building had been opened, the lock thereof found on the floor in the room, the telephone torn loose from the wall, and that everything had been removed except a wastebasket, and some pictures which had been thrown on the floor. On this conflicting testimony, the jury evidently found that the appellee had been guilty of no offense and that he had been arrested through malice and without probable cause, the appellee having testified on the trial of the instant case that there was ill feeling between himself and the appellant.

The issues presented to the jury were, first, whether the criminal proceeding had been terminated before the institution of the suit for damages for the alleged ma-

licious prosecution; and, second, whether or not the criminal prosecution was instituted through malice and without probable cause.

■■ We have considered the authorities cited by the respective parties, and we have concluded that for all intents and purposes the criminal prosecution had been terminated prior to the filing of the instant suit for damages; ■■ and we have further concluded that the record presented a case for the consideration of the jury as to whether or not the appellant instituted the criminal prosecution through malice and without probable cause. On the conflicting testimony, the jury was warranted in finding that the property had not been stolen at all, and that the appellee had merely consented for the property in question to be stored in his residence pending the obtaining of another place for it to be stored, and that he did not participate in the taking of the property from where it had been stored in the Carpenters Building, and that he had no knowledge that it had been stolen, even if it had been stolen, and there were witnesses who testified that it was not stolen property, and the jury could have believed that because of the alleged ill feeling between the parties the prosecution had been instituted through malice and without probable cause.

The appellant prosecuted this appeal by the giving of a cost bond, and not with a supersedeas bond.

Since we have concluded that all of the issues involved were for the determination of the jury on the conflicting testimony, the judgment appealed from should not be disturbed, and therefore the same should be affirmed.

Affirmed.

*Kyle, Arrington, Ethridge,* and *Gillespie, JJ.,* concur.