PRIEST, et al. *v.* AVENT.

No. 41039 March 16, 1959 109 So. 2d 643

*Adams, Long & Adams,* Tupelo, for appellant.

*Roberts & Craig,* Oxford, for appellee.

ARRINGTON, J.

The appellant, Bobby Carroll Priest, a minor, by his father, C. H. Priest, as next friend, filed suit for damages for malicious prosecution against John Edward Avent. At the conclusion of all the evidence, the trial court granted a directed verdict for the defendant, ap-

pellee here. From this judgment the appellant prosecutes this appeal.

■■ The record reflects that on July 16, 1954, the appellee Avent purchased a watermelon from the appellant which was represented to be ice cold; that the appellee carried the melon home, cut it, and found it to be hot; that he returned the melon to the truck where he had purchased it and asked to exchange it for an ice cold melon; that the appellant's older brother told him that he did not purchase the melon from them and this resulted in a heated exchange of words between the parties. The next day, Avent signed an affidavit charging the appellant and his brother, Jimmy Priest, with obtaining money by false pretenses. Upon this affidavit a warrant issued and the appellant was arrested and placed in jail on the morning of July 17, 1954, and he remained there from nine o'clock A. M. until six o'clock that evening when he made an appearance bond to appear before the Mayor of Oxford on July 19, 1954, at three o'clock P. M. to answer the charge. According to the record, he appeared at the scheduled hearing and was advised by his attorney that the charge had been withdrawn.

The testimony of the appellant and a number of other witnesses was that the appellant, Bobby Carroll Priest, was not in the City of Oxford on July 16, but was in Birmingham, Alabama; and that he did not arrive in Oxford until the next morning when he was arrested and placed in jail.

■■ The rule is well settled in this State and has been stated many times by the Court that upon a motion for a directed verdict or a peremptory instruction, all the facts expressly testified to and all the inferences necessarily and logically to be deduced therefrom are to be taken as true in favor of the party against whom the motion is asked. Coker v. Five-Two Taxi Service, Inc., 211 Miss. 820, 52 So. 2d 356, and authorities there cited.

To constitute malicious prosecution, there must be concurrence of malice and lack of probable cause. In State Life Insurance Co. of Indiana v. Hardy, 189 Miss. 266, 195 So. 708, it was held:

"Pritchard's request for a directed verdict should have been granted if, on the evidence, the court could peremptorily say that: (1) The appellee was guilty of the crime for which she was prosecuted; or (2) That Pritchard instituted the prosecution without malice and with probable cause therefor. 3 Rest. Torts, Secs. 653-657; Threefoot v. Nuckols, 68 Miss. 116, 8 So. 335; Greenwade v. Mills, 31 Miss. 464; Berry v. Priddy, 126 Miss. 125, 88 So. 517.

"The burden of proving the appellee's guilt of the crime for which she was charged was on the appellants; 3 Rest. Torts, Sec. 657, Comment b. The appellee's acquittal, when tried on the affidavit made against her by Pritchard, is prima facie evidence that the prosecution was instituted with malice and without probable cause. Whitfield v. Westbrook, 40 Miss. 311."

The affidavit having been withdrawn in this case was the termination of the prosecution. Conn v. Helton, 99 So. 2d 646. Taking the appellant's evidence as true that he was in Birmingham on the date the watermelon was sold, he could not have been guilty of the offense for which he was charged. Under the conflicting evidence in this case, the issues involved were for the determination of the jury, Cf. Brooks v. Super Service, Inc., et al., 183 Miss. 833, 183 So. 484, 185 So. 202. It follows that the court erred in granting the directed verdict and the judgment is reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.