HARVILL v. TABOR, et al.

No. 41821          April 17, 1961          128 So. 2d 863

*J. Crawford Neill,* Carrollton; *Robertson Horton,* Winona, for appellant.

*Rupert Ringold, J. W. Conger,* Winona, for appellees.

GILLESPIE, J.

Appellant sued appellees, who compose a partnership engaged in the automobile business, for damages re-

sulting from alleged malicious prosecution. One of the appellees, acting for the partnership, made affidavit against appellee in a court of a justice of the peace under the "Bad Check Law", resulting in appellant being arrested and incarcerated in jail for several days, after which he was released on bail to await the action of the grand jury. Appellees did not appear before the grand jury and appellant was not indicted. The jury found for appellees and appellant appeals here.

The check involved was given appellees by appellant in connection with the purchase of a truck. Appellees contend it was given as the cash down payment on the truck. Appellant contends it was a post dated check, and this is the only significant dispute in the testimony. The transaction giving rise to the check was dated December 13, 1957. The check for which appellant was arrested was actually dated December 1, 1958. One of the appellees actually wrote the check and appellant signed it. James A. Tabor, who made out the check, testified that he inadvertently wrote December 1, 1958 as the date of the check instead of December 13, 1957. The jury apparently believed the testimony of James A. Tabor. There was other evidence tending to show the check was given as a note to be paid on or before December 1, 1958, as appellant contends. The check was deposited in the bank shortly after December 13, 1957, and was returned unpaid either because of insufficient funds or because the account of appellant in the bank on which it was drawn had been closed. James A. Tabor made out the affidavit against appellant on February 19, 1959, and appellant was thereafter arrested as above stated.

In order to maintain an action for malicious prosecution, the plaintiff must establish the following elements: (1) The institution or continuation of original judicial proceedings, either criminal or civil (the proceeding here is criminal); (2) by, or at the instance of the defendants; (3) the termination of such proceeding in

plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceedings; and (6) the suffering of damages as a result of the action or prosecution complained of. 34 Am. Jur., Malicious prosecution, Section 6, page 706; 54 C.J.S., Malicious Prosecution, Section 4, page 955.

In this case the pleadings admit or the plaintiff established without dispute elements (1), (2), (3) and (6), and as to those elements there can be no question. Appellant contends that the evidence established elements (4) and (5) as a matter of law and that appellant should have been granted his requested peremptory instruction.

On the question whether the evidence established elements (4) and (5) as a matter of law, we must and do consider the evidence in the light most favorable to the appellees. Therefore, we shall only consider the testimony of James A. Tabor, the appellee-partner who made the criminal affidavit and set in motion the criminal proceeding against appellant.

On the question of malice, Tabor testified without equivocation that he made the affidavit against appellant "to collect my money" and for no other reason. He so testified several times. There is no evidence in the record to the contrary. The evidence shows without dispute that Tabor was not interested or motivated by any desire to bring an offender to justice. Tabor did testify that he had no malice toward appellant, but malice in fact and malice in law are not to be confused. The ordinary and popular meaning of malice is usually associated with anger, hatred, ill will, and the like. Such malice in fact may exist with malice in law, but malice in law may exist independently of malice in fact. And when, as here, there is no actual malice in fact, the element of malice is supplied by wantonly instituting the criminal proceedings to collect a debt in reckless disregard of the rights of appellant.

■■ When the prosecution is for the purpose of using the criminal processes of the law to collect a debt, this fact supplies the element of malice. Rhodes v. Roberts, 223 Miss. 580, 78 So. 2d 614; Grenada Coca-Cola Company v. Davis, 168 Miss. 826, 151 So. 743. Such an abuse of the criminal process of a court is simply to make the liberty of the citizen the security for the debt. State, for use of Little v. U.S.F.& G. Company, 217 Miss. 576, 64 So. 2d 697.

■■ The next question is whether the evidence showed without dispute that there was a want of probable cause. Before probable cause can exist there must be a concurrence of (1) an honest belief in the guilt of the person accused, and (2) reasonable grounds for such belief. One is as essential as the other. 54 C.J.S., Malicious Prosecution, Section 31; 34 Am. Jur., Malicious Prosecution, Section 49; State Life Insurance Co. v. Hardy, 189 Miss. 266, 195 So. 708; Conn v. Helton, 232 Miss. 462, 99 So. 2d 646.

James A. Tabor testified several times that he did not believe appellant was guilty of a crime. He was asked:

"Q. State whether or not you understood and believed that he was guilty of a crime?

"A. Well, no, sir."

Therefore, it conclusively appears that there was a want of probable cause because the person who instituted the criminal proceedings did not believe he was guilty of a crime. Moreover, and in addition to such lack of belief in guilt, the testimony of James A. Tabor clearly indicates that he did not understand that the check was presently good but that appellant had time to make it good before it was run through the bank.

■■ It therefore appears to us that appellant established without dispute every one of the elements necessary to maintain his action for malicious prosecution. The requested peremptory instruction should have been

given. This requires the reversal of the case and judgment here for appellant on liability. On remand the case will be tried on the issue of damages only.

Reversed and remanded.

*McGehee, C.J.,* and *Kyle, Ethridge* and *Jones, JJ.,* concur.