367 So.2d 935 (1979)
Leo PUGH
v.
T.D. EASTERLING.
No. 50911.
Supreme Court of Mississippi.
February 21, 1979.
John W. Prewitt, Vicksburg, for appellant.
Ramsey, Bodron, Thames & Robinson, Lee Davis Thames, Vicksburg, for appellee.
Before SMITH, SUGG and COFER, JJ.
SUGG, Justice, for the Court:
Leo Pugh filed a malicious prosecution action in the Circuit Court of Warren County against T.D. Easterling and Big Ten Tires of Vicksburg, Inc. The suit was based on an affidavit filed by Easterling against Pugh charging Pugh with a misdemeanor. The circuit court dismissed the *936 cause with prejudice against Big Ten and entered judgment against Easterling in the amount of $425. The plaintiff filed a direct appeal and defendant filed a cross-appeal. Plaintiff argues on his direct appeal that the jury's verdict was unresponsive to the damages which the plaintiff suffered to the extent that the verdict evinced bias, passion and prejudice on the part of the jury, and that the circuit court erred in overruling his motion for an additur or, in the alternative, a new trial on the issue of damages only. The defendant, Easterling, filed a cross-appeal in which he contends that the circuit court erred in refusing to direct a verdict for the defendant. We have concluded that the defendant was entitled to a peremptory instruction so we reverse on cross-appeal thereby precluding the necessity of passing on the question of the adequacy of damages.
Defendant was the manager of Big Ten when Gary Lynn Harris, the son-in-law of plaintiff, purchased four tires for his pickup truck on April 16, 1976. The assistant manager of Big Ten sold Harris the four tires and took the application of Harris for a loan to pay the balance due on the tires. Big Ten did not sell tires on credit, but for the convenience of customers who could not pay cash for tires, would take an application for a loan from Consumer Credit Company to pay for the tires. Big Ten did not guarantee payment to the credit company. Consumer Credit did not approve the application of Harris so the defendant co-signed the note in order to secure approval of the application by Consumer Credit. Harris did not make the payments due on the note and defendant paid the balance of the note upon demand from Consumer Credit.
On October 28, 1976, defendant went to the home of plaintiff where Harris was living at that time and where the truck was located. When defendant attempted to take the tires off the truck, an argument ensued. After a lengthy argument, defendant left the premises when the plaintiff secured his shotgun and ordered him to leave.
Defendant then filed an affidavit against plaintiff for exhibiting a deadly weapon under section 97-37-19 Mississippi Code Annotated (1972). Plaintiff was arrested, incarcerated in jail for about two hours, and released on bail. After a trial before Justice Court Judge Dorothy Breland without a jury, the following judgment was entered.
This cause this day coming on for trial and the defendant being arraigned in court on a charge of exhibiting a deadly weapon in a threatening manner and having pleaded not guilty and the court having heard the testimony and being of the opinion that the defendant is guilty it is therefore considered by the court and so ordered and adjudged that the defendant is guilty but both parties (Mr. Pugh and Mr. Easterling) conducted themselves disorderly so case dismissed.
Ordered and adjudged this the 9th day of November, 1976.
 /s/ Dorothy H. Breland
 Justice of the Peace,
 First District, Warren
 County, Mississippi
Before addressing the issues in this case, we should look to our approach to suits for malicious prosecution based on criminal proceedings. In State, Use and Benefit of Foster v. Turner, 319 So.2d 233 (Miss. 1975), we stated:
We would point out that actions for malicious prosecution are regarded by law with jealousy and they ought not to be favored but managed with great caution. Their tendency is to discourage prosecution for crime as they expose the prosecutor to civil suits, and the love of justice may not always be strong enough to induce individuals to commence prosecution when, if they fail, they may be subjected to the expenses of litigation even though they are not found liable for damages. Suits by which the complainant in a criminal prosecution is made liable to an action for damages, at the suit of the person complained of, are not to be favored in law, as they have a tendency to deter men who know of the breaches of the law from prosecuting offenders *937 thereby endangering the order and peace of the community. Although the court should not discourage actions for malicious prosecution, by establishing harsh rules of evidence, or by the rigid principles of law, by force of which a party may be deprived of an important remedy for a real injury, at the same time, all proper guard and protection should be drawn around those who, in obedience to the mandates of duty, may be compelled to originate, carry on, aid or assist in a criminal prosecution which may from any cause terminate in favor of the accused. (319 So.2d at 235).
In keeping with the policy enunciated above we have established certain elements that a plaintiff must establish in order to recover in an action for malicious prosecution. State, Use and Benefit of Foster v. Turner, supra; Harvill v. Tabor et al., 240 Miss. 750, 128 So.2d 863 (1961). In Harvill, we said:
In order to maintain an action for malicious prosecution, the plaintiff must establish the following elements: (1) The institution or continuation of original judicial proceedings, either criminal or civil (the proceeding here is criminal); (2) by, or at the instance of the defendants; (3) the termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceedings; and (6) the suffering of damages as a result of the action or prosecution complained of. 34 Am.Jur., Malicious Prosecution, Section 6, page 706; 54 C.J.S. Malicious Prosecution, § 4, page 955. (240 Miss. at 753, 754; 128 So.2d at 864).
In other cases we have held that the third element set out in Harvill must be established in order to recover in an action for malicious prosecution. See Brown et al. v. Kisner, 192 Miss. 746, 6 So.2d 611 (1942); Grenada Bank v. Petty, 174 Miss. 415, 164 So. 316 (1935); Jones v. Donald Co. et al., 137 Miss. 602, 102 So. 540 (1925).
It is evident from our cases that, when a suit for malicious prosecution is based on a criminal proceeding, the criminal proceeding must terminate in favor of the defendant before a defendant has a cause of action for malicious prosecution. A different expression was made in Brooks v. Super Service, Inc., 183 Miss. 833, 183 So. 484, suggestion of error overruled 185 So. 202 (1938). In Brooks, the trial court sustained a demurrer to the declaration which was reversed on appeal. The declaration alleged that Brooks was convicted in the justice of the peace court and on appeal to the county court, the county attorney, without the consent and over the objection of the plaintiff, refused to try the case but made a motion for a cesset processus. The county court entered the order of cesset processus and this Court held that the order, for all practical purposes, was the equivalent of a formal nolle prosequi. On petition for rehearing the Court stated by way of obiter dictum:
There are three lines of cases dealing with the effect of a judgment of conviction on the question of probable cause for instituting the prosecution.
(1) It is conclusive evidence thereof. (2) It is conclusive evidence thereof unless it was obtained by fraud, perjury, or other corrupt means. This is the rule of the majority of the cases and is that adopted in 3 Rest. Tort, Section 667. (3) It is only prima facie evidence thereof and may be rebutted by any competent evidence which clearly overcomes the presumption that arises from the fact of the defendant's conviction. The first of this line of cases we unhesitatingly decline to follow, but it will not be necessary for us to here determine with which of the other two lines of cases we will align ourselves for the case presented by the declaration will come within both. If it be said, as to which we express no opinion, that if this court aligns itself with the second of these two lines of decision, a declaration setting forth a conviction in the prosecution complained of must allege that the conviction was procured by fraud, perjury, or other corrupt means, the declaration here so alleges sufficiently to withstand a demurrer. (183 Miss. at 844, 845, 185 So. at 202).
*938 The above was not necessary for a decision in the case because the order of the county court was a termination of the criminal proceeding favorable to the plaintiff. We decline to follow the dictum because it is contrary to our other cases and the underlying reason for the conclusion reached is not sound.
If a defendant is convicted on evidence obtained by fraud, perjury or other corrupt means, adequate post conviction remedies exist whereby the conviction may be corrected. The Brooks court may have reached the conclusion that a conviction is not conclusive evidence of probable cause for instituting a criminal prosecution because of its desire to protect indigent defendants who might not be able to employ counsel to represent them in the criminal proceedings. If this was the reason for the rule, it is no longer valid because it is now well established that indigent defendants can require the state to furnish them with counsel in both felony and misdemeanor cases. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
Under the Sixth Amendment to the United States Constitution, all defendants, whether indigent or not, have the right to legal counsel in any criminal proceeding filed against them, and any conviction obtained by fraud, perjury or other corrupt means may be corrected by proper post conviction remedies. Therefore, it is not unreasonable to require a plaintiff to show that the criminal proceeding terminated in his favor before allowing recovery in a malicious prosecution action based on such criminal proceeding. Stated differently, plaintiff should exhaust all available post conviction remedies and secure a termination of such criminal proceeding favorable to him before recovering in an action for malicious prosecution.
We hold that a conviction is conclusive evidence of probable cause for instituting a criminal prosecution, and a plaintiff, in a suit for malicious prosecution based on a criminal prosecution, must show that the criminal proceeding terminated in his favor as a condition precedent to recovery.
This brings us to the question of whether the criminal case was terminated in favor of the plaintiff. We have held that a case is terminated in the plaintiff's favor when the prosecution is abandoned or the affidavit is withdrawn. Gandy et al. v. Palmer, 251 Miss. 398, 169 So.2d 819 (1964); Priest et al. v. Avent, 236 Miss. 202, 109 So.2d 643 (1959). We also held in Brooks v. Super Service, Inc., supra, that termination by a formal nolle prosequi is also a termination favorable to plaintiff. However, termination in the manner set forth in the above cases is not conclusive on the question of whether malice existed in instituting the prosecution.
In this case plaintiff contends the evidence shows that the criminal prosecution was terminated favorably to him. Following the hearing before Justice Court Judge Breland, plaintiff's attorney transmitted to the justice court judge an order dismissing the case against plaintiff reciting that evidence was insufficient to support the charge against the plaintiff.
The justice court judge testified that she received the letter and the order of transmittal, signed the order, but before entering it on her docket noticed that the order provided that the case was dismissed due to insufficient evidence. She testified that the case was not dismissed because of insufficient evidence therefore she wrote "void" across the order furnished by plaintiff's attorney. She further testified that she called, or had her secretary call, the plaintiff's attorney to notify him that she would file the order with her record, but that she had written "void" across it because she signed it before she read it carefully. She further testified that no further effort was made to notify plaintiff's attorney of her action.
She testified that she then prepared the order which is set forth above and entered it on her docket. She stated:
All right. In a Justice Court  and I know it is the lowest court. A lot of *939 times we do this in community fusses or fights. And, of course, this was a little more than that. But we don't see where a fine or anything helps the matter. Now I didn't know we were going to have a big civil suit on this. And, I thought, Mr. Easterling should have gotten a civil paper and let my court pick up the tires. And he lost his temper. This man (indicating) got a gun. And he shouldn't have gotten a gun. He should have called the law to help him out. So I felt like  at that time, I didn't see where a fine would help anything. We all live here together. And I thought it would just work itself out with time. I grant you, if I'd known it was a big civil suit 
.....
THE WITNESS: But that is the reason, Judge. And a lot of that information on that last sentence was for my own benefit, so I would remember what happened in court. But that is the reason I dismissed it.
It is evident that the docket reflects the action of the court and it is the record to which we look to determine the disposition of the case.
We are of the opinion that the judgment entered was a conviction of the plaintiff on the charge against him. A conviction on the merits relates to a plea or verdict of guilty, either of which ascertain and publish the fact of guilt; while the pronouncement of the judgment of the sentence denotes the action of the court in declaring the consequences of the fact thus ascertained. In other words, the sentence is not part of the conviction, but a conviction must precede a sentence. That being so, it follows in the present case that the action of the justice court judge in declining to sentence plaintiff because, "both parties (Mr. Pugh and Mr. Easterling) conducted themselves disorderly so case dismissed" did not have the effect of disturbing the conviction on the merits. We therefore hold that the criminal prosecution did not terminate favorably to the plaintiff and his suit for malicious prosecution must fail for that reason.
REVERSED AND RENDERED ON CROSS-APPEAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.