438 So.2d 1354 (1983)
Magid TORABI
v.
J.C. PENNEY, INC., V. Taylor & Johnny James.
No. 54517.
Supreme Court of Mississippi.
October 12, 1983.
Charles Jad Mikhail, Clinton, for appellant.
Suzanne N. Saunders, Saunders, Todd & Maddan, Jackson, for appellees.
Before BROOM, P.J., and DAN M. LEE and PRATHER, JJ.
BROOM, Presiding Justice, for the Court;
Shoplifting accusation leveled at Magid Torabi based upon events within J.C. Penney, Inc. store is the basis of Torabi's tort action appealed from the Circuit Court of the First Judicial District of Hinds County, the Honorable Charles Barber presiding. Torabi sued J.C. Penney, Inc. (Penney's herein), and its security officers, V. Taylor and Johnny James, alleging that they wrongfully accused Torabi of shoplifting from Penney's, falsely imprisoned, and detained him. Mississippi Code Annotated § 97-23-51 (1972), was relied upon by defendants Penney's and the security officers. The lower court sustained the defendants' motion for a directed verdict and entered judgment for them. We reverse.
On his appeal, appellant/plaintiff Torabi argues that the lower court erred by (1) "directing a verdict in favor of defendants", and (2) "placing the burden on appellant to show lack of probable cause for the actions of appellees".
Testimony was that on January 2, 1982, Torabi went to Penney's in Jackson Mall to exchange a suit he previously purchased there. He tried on two other garments and then was arrested by Penney's security officers Taylor and James, who charged him with shoplifting. The city of Jackson municipal court, after hearing evidence, acquitted Torabi of the shoplifting charge.
Then Torabi filed the present tort action against Penney's and security officers Taylor and James for malicious prosecution, assault and battery, false imprisonment, and slander in connection with Torabi's arrest in Penney's. In their answer, Penney's and the two officers affirmatively pled that they had acted within their rights under § 97-23-51, supra. At the trial of the tort action in circuit court, plaintiff Torabi testified in his own behalf and called the two officers as adverse witnesses, after which *1355 Torabi rested his case. At that juncture, defense counsel moved for a directed verdict contending Torabi "failed to make out a prima facie case ...". In granting a directed verdict, the lower court stated it "did not feel that plaintiff had made a prima facie case", and accordingly entered judgment exonerating Penney's and the two security officers. Other facts will afterwards be stated as needful.
DID PLAINTIFF TORABI MAKE OUT A PRIMA FACIE CASE SUFFICIENT TO GO TO THE JURY?
Paymaster Oil Mill Company v. Mitchell, 319 So.2d 652 (Miss. 1975), sets forth the rule applicable in deciding whether a directed verdict should be given:
[I]n passing on a motion for a directed verdict the court must look only to the testimony adduced for the plaintiff and accord truthfulness to it and indulge all favorable inferences that could be drawn therefrom, and if either is sufficient to support a verdict, then the motion for a directed verdict should be overruled... . .
Id. at 655.
Appellees (defendants) rely upon § 97-23-51 which permits detention of a shoplifting suspect if such detention is "in good faith and upon probable cause based upon reasonable grounds ...".
Torabi testified that he went to Penney's on the date in question to return a previously bought suit because his wife did not like the color. He went to the men's department and discussed the matter with a Mr. Dykes, the store clerk who sold him the suit, and told Dykes that he wanted to exchange the suit. Dykes advised him to go ahead, after which, according to Torabi's testimony, he left the old suit in a shopping bag on the counter and took another suit and sports coat from the rack into a dressing room where he tried them on. Then he decided he would buy the sports coat and so advised store clerk Dykes. As he waited for Dykes, he continued browsing and held up a pair of black trousers to himself, and replaced them on the rack. Then he decided to take his shopping bag from the counter back to the dressing room and again try on the original suit he previously purchased.
As Torabi came out of the dressing room, security guard Taylor asked "What's in your bag?". Torabi replied it was his old suit, at which time the other security officer James looked in the bag and inquired about the pin-stripe suit which Torabi had first taken into the dressing room and tried on. Torabi advised him that he had tried the suit on and left it in the dressing room. According to Torabi, while he was accompanying the officers back to look, they twisted his arm and arrested him and wouldn't listen when he tried to make explanation. Then Officer Taylor asked him if he was Iranian, and when Torabi answered affirmatively, Taylor (according to Torabi's testimony) told him he would hang him on $50,000 bond. Torabi was taken by the officers to the security office where, according to him, they promised to help him if he would confess, which he refused to do. Then they had him pull his clothes down to see if he had any other items concealed on his person, which turned out negative. He was taken to the city jail  booked, photographed and fingerprinted.
Called as adverse witnesses by Torabi, security officers James and Taylor testified to the following. James noticed Torabi entering the store carrying a non-Penney's bag with a brown suit in it. James followed Torabi into the men's dressing room where Officer James (acting as if he were a customer) tried on a pair of slacks and was tying his shoes when he heard paper rustling. He looked and saw newspaper and Torabi's bag on the floor in a nearby dressing room. His suspicion having been aroused, James looked into Torabi's open dressing room and (after Torabi exited) the officer looked into the bag. There the officer saw a brownish-gray pin-stripe suit in the same bag in which he had previously seen a different brown suit. At the checkout counter, Officer Taylor joined Officer James. There Taylor looked into Torabi's bag and asked Torabi what was in his bag.
Torabi's testimony was substantiated by store clerk Dykes, who stated that he kept *1356 Torabi's shopping bag at the counter, while, with his permission, Torabi tried on another suit and sports coat. According to store clerk Dykes' testimony, as the officers came by his desk with Torabi, he (Dykes) told them they were making a mistake. Dykes further testified that he told Torabi to find what he wanted and indicated that it was permissible for Torabi to try on the other items.
Applying the rule of Paymaster, we are bound here to favorably consider and accept as true all of the testimony introduced by Torabi and to indulge him "all favorable inferences". Having carefully considered the testimony and applied that rule to the testimony, we think the lower court incorrectly ruled that a prima facie case had not been made out by the plaintiff's proof, a portion of which was documentation of plaintiff Torabi's acquittal in municipal court. Allen v. Ritter, 235 So.2d 253 (Miss. 1970); State Life Insurance Company of Indianapolis, Indiana v. Hardy, 189 Miss. 266, 195 So. 708 (1940); Whitfield v. Westbrook, 40 Miss. 311 (1866).
Accepting as true the testimony introduced by the plaintiff together with reasonable inferences, there was proof of (1) institution by appellees of the criminal charge against Torabi in city court, (2) termination of the proceedings in Torabi's favor, (3) at least a reasonable basis upon which a jury could find "malice in instituting the proceedings", (4) want of probable cause for the criminal proceedings, and (5) damages suffered by Torabi. See Harvill v. Tabor, 240 Miss. 750, 128 So.2d 863 (1961).
Of course at remand, after Torabi's presentation of proof, appellees will be entitled and obligated in their defense to present testimony, if they can, establishing their qualified privilege pursuant to § 97-23-51, supra. Pertinent is Jarjoura v. Fred's One & Two Dollar Store, Inc., 370 So.2d 696 (Miss. 1979), which held that the evidence there went to the question of whether the store manager acted in "good faith and upon probable cause based upon reasonable grounds in ascertaining that appellant was guilty of shoplifting". As stated in Fred's one & Two Dollar Store, Inc., the "trial judge should have submitted the issues to the jury under proper instructions." Therefore, the appeal is meritorious and requires reversal.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
BOWLING, J., not participating.