Charles W. ROBB, III,
Plaintiff-Appellee,
Cross-Appellant,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Defendant-Appellant, Cross-Appellee.

Mary T. TYLER, Plaintiff-Appellee,
Cross-Appellant,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Defendant-Appellant, Cross-Appellee.

No. 85–4484.

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1986.

Rehearing Denied Sept. 29, 1986.

Fred Mannino, Page, Mannino & Peresich, Robert E. Hessell, Biloxi, Miss., for defendant-appellant, cross-appellee.

Donald C. Dornan, Biloxi, Miss., William C. Walker, Jr., University, Miss., for plaintiff-appellee, cross-appellant.

Before REAVLEY, RANDALL and DAVIS, Circuit Judges.

## OPINION

W. EUGENE DAVIS, Circuit Judge:

Appellant, United States Fidelity and Guaranty Company (USF & G), appeals the denial of its motion for a judgment notwithstanding the verdict after a judgment was entered against it on a jury verdict for $50,000 in a malicious prosecution suit. We reverse.

### I.

Charles Robb and Mary Tyler, while they were husband and wife, rented a house from Mrs. Zoe Balius. Mrs. Balius had a fire insurance policy on the house with USF & G. On the morning of November 28, 1980, as Robb and Tyler prepared to go to work, they smelled an odor in the house which they described as burning plastic. They walked around the house looking for the source of the odor but could not locate it; they unplugged all of the appliances in the kitchen and the living room and left for work. Later that same morning, a fire started in the bedroom that caused $9,963.50 damage to the house. The Biloxi Fire Department investigated the fire and determined that it was caused by the improper use of smoking materials in the bedroom. An independent claims adjuster, Thomas Meeks, hired by USF & G, agreed with the fire department's assessment of the cause of the fire. Both Robb and Tyler, the only occupants of the house, admitted to the USF & G claims adjuster that they smoked cigarettes in the house on the morning of the fire.

USF & G paid Mrs. Balius $9,963.50 for the fire damage to the house. Based on the investigative reports of both the Biloxi Fire Department and Thomas Meeks, USF & G filed a subrogation suit in a Mississippi state court against Robb and Tyler to recover the amount it paid to the homeowner. Robb and Tyler filed a counterclaim for malicious prosecution which was dismissed by the state judge for failure to state a cause of action. The judge before whom the subrogation suit was tried directed a verdict in favor of Robb and Tyler on USF & G's claim that they were negligent in starting the fire; the jury returned a verdict in favor of Robb and Tyler on USF & G's claim that they did not conduct a reasonably careful inspection of the house after they smelled smoke. The court entered a take nothing judgment in favor of Robb and Tyler.

After successfully defending the subrogation suit, Robb and Tyler filed a damage action against USF & G for malicious prosecution in the federal district court. That action was tried to a jury which returned a verdict in favor of Robb and Tyler for $50,000. USF & G appeals the denial of its motion for JNOV arguing that it had probable cause as a matter of law to file the subrogation suit. Alternatively, appellant argues that if the verdict is allowed to stand, the damages are excessive. Tyler and Robb cross-appeal, contending that the

district court erred in not submitting the issue of punitive damages to the jury.

## II.

### A.

Malicious prosecution suits are designed to promote freedom from unjustifiable and vexatious litigation. "[A]ctions for malicious prosecution are regarded by law with jealousy and they ought not to be favored but managed with great caution." *Foster v. Turner,* 319 So.2d 233, 235 (Miss.1975); Prosser & Keeton, *The Law of Torts* § 119 (5th ed. 1984).

The elements of a malicious prosecution claim under Mississippi law are:

(1) The institution or continuation of original judicial proceedings, either criminal or civil ... (2) by, or at the instance of the defendants; (3) the termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceedings; and (6) the suffering of damages as a result of the action or prosecution complained of.

*Armco, Inc. v. Southern Rock, Inc.,* 778 F.2d 1134, 1136 (5th Cir.1985) (quoting *Harvill v. Tabor,* 240 Miss. 750, 128 So.2d 863, 864 (1961)).

USF & G contends that the appellees failed to establish the last three requirements and argues that the district court erred in denying its motion for JNOV. Because we agree with appellant's argument that this record required a finding that USF & G had probable cause to file the subrogation suit, we do not reach appellant's remaining arguments.

### B.

The Mississippi Supreme Court defined probable cause in *Harvill* as: "(1) an honest belief in the guilt of the person accused, and (2) reasonable grounds for such belief." 128 So.2d at 865; *see also, Owens v. Kroger Co.,* 430 So.2d 843, 847 (Miss.1983); *Armco, Inc.,* 778 F.2d at 1137. Restatement (Second) of Torts § 662 comment c. We applied this definition of probable cause

in *Armco,* a case in which the underlying action was a civil one with the caveat that the probable cause standard is more lenient when the underlying action is civil rather than criminal. 778 F.2d at 1138.

The broad question presented is whether the record evidence required the district court to find that USF & G had probable cause to file the subrogation suit. Appellees argue first that their victory in the subrogation suit required the district court to deny appellant's motion for directed verdict and permit the jury to decide the probable cause issue. Appellees rely on the following language from *State Life Insurance Co. v. Hardy,* 189 Miss. 266, 195 So. 708, 712 (1940) for this proposition: "The appellee's acquittal ... is prima facie evidence that the prosecution was instituted with malice and without probable cause." Appellees interpret this language to mean that regardless of how reasonable USF & G was in filing the subrogation suit, they were entitled to have a jury determine whether USF & G had probable cause to file the subrogation action once proof of a favorable termination of that suit was introduced. We disagree. In *State Life Insurance,* the plaintiff in the malicious prosecution action did not rely solely on his acquittal in the earlier criminal proceeding to defeat the motion for directed verdict. Thus, the court was not faced with determining whether the acquittal alone was sufficient to defeat the defendant's motion. Also, we implicitly rejected appellee's argument in *Armco, Inc. v. Southern Rock.* In *Armco,* Southern Rock obtained a dismissal of a civil action filed against it by Armco; Southern Rock then filed a malicious prosecution suit against Armco; the district court dismissed the suit at the close of the evidence and refused to submit the case to the jury. We affirmed the dismissal and concluded that the termination of the earlier civil proceeding was not evidence that the malicious prosecution suit was without probable cause. 778 F.2d at 1138 n.2. Thus, we conclude that a Mississippi court would not submit a malicious prosecution suit to a jury simply because

the plaintiff lost the underlying suit. We now turn to a consideration of the record evidence relating to whether USF & G had probable cause to institute the subrogation suit.

We begin by noting that under Mississippi law "[w]hen the facts are undisputed, it is the function of the court to determine whether or not probable cause existed." *Owens,* 430 So.2d at 846; *Armco,* 778 F.2d at 1137. *See also* Prosser and Keeton, supra, § 119, at 882; Restatement (Second) of Torts § 681B. The undisputed facts available to USF & G at the time it filed the subrogation suit were clearly adequate to give USF & G probable cause to believe that appellees started the fire through careless handling of smoking materials. Robb admitted that he and his wife smoked cigarettes in the house on the morning of the fire. They smelled an odor which Robb described as burning plastic and searched for the source of the odor but could not find it. The Biloxi Fire Department investigated the fire and concluded that it was ignited by the improper use or disposal of smoking materials. Thomas Meeks, an independent adjuster, concurred with the fire department's conclusion.

Appellees' principal argument evolves around two statements made by Ms. Reugger, USF & G's claims adjuster, during her handling of the case. Ms. Reugger stated in a status report before the subrogation suit was filed that, "[W]e cannot prove at this time that tenant indeed caused the fire." Later, after the suit and the counterclaim were filed, she stated "we more than likely will have our suit dismissed. And if suit dropped, clear shot at us." Appellees argue that we should infer from these statements that Ms. Reugger did not have an honest belief that USF & G could prove its case. Ms. Reugger testified at trial that her doubts about USF & G's ability to recover from appellees stemmed from the fact that USF & G was required to rely solely on circumstantial evidence to establish the cause of the fire. No evidence was adduced that Ms. Reugger doubted that the fire was caused by improper disposal of smoking materials by

Robb and Tyler. Insofar as any doubts that may have existed on the legal adequacy of the proof to establish its claim, USF & G took the additional precaution of consulting counsel before filing suit. Mr. Harry Sneed, a practicing attorney in Mississippi, reviewed the same facts available to Ms. Reugger and concluded that the subrogation suit should be filed.

USF & G, by acting on advice of counsel, had probable cause to file the suit despite Ms. Reugger's subjective doubts about its ability to recover damages on circumstantial evidence alone. *Owens,* 430 So.2d at 847; *Pulliam v. Ott,* 246 Miss. 739, 150 So.2d 143, 146-47 (1963); Prosser and Keeton, supra, § 120, at 879; Restatement (Second) of Torts §§ 666, 675.

We conclude that the facts available to USF & G at the time it filed the subrogation suit and the advice it received from counsel gave USF & G probable cause to believe it could recover its loss from appellees.

The judgment of the district court is accordingly reversed and judgment is rendered in favor of appellant, USF & G.

REVERSED and RENDERED.