501 So.2d 412 (1987)
MISSISSIPPI ROAD SUPPLY COMPANY, INC.
v.
ZURICH-AMERICAN INSURANCE COMPANY.
No. 56168.
Supreme Court of Mississippi.
January 21, 1987.
*413 Robert S. Murphree, Jackson, for appellant.
Joe H. Daniel, Brenda B. Bethany, Curtis Coker, Daniel, Coker, Horton & Bell, Jackson, for appellee.
Before HAWKINS, P.J., and DAN M. LEE and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This case, involving malicious prosecution, comes to the Court from the Circuit Court of the First Judicial District of Hinds County, Mississippi, where the trial judge granted a motion for summary judgment in favor of Zurich-American Insurance Company. We reverse.
In November, 1978, Mississippi Road Supply Co., Inc. (hereinafter MRSC) sold a Model TD-25B International Crawler Tractor, a bulldozer, to Anderson Smith. On December 19, 1979, the bulldozer caught fire, resulting in a total loss. Zurich-American Insurance Co. (hereinafter Zurich), Smith's carrier, paid the claim of $49,000.
Prior to payment, Zurich conducted an extensive investigation of the fire, employing an adjuster, appraiser, and an independent laboratory, as well as its own Major Case Unit. By March, 1980, Zurich had information from the testing laboratory, Forensic Science, Inc., that the cause of the fire was an add-on clamp, improperly installed on the battery cable, running from the bulldozer's larger battery to its starter.
On October 28, 1981, Zurich filed suit in the name of its insured against MRSC, seeking reimbursement of its payment on the loss. The following evidence formed the basis of the suit: (1) On January 14, 1980, Anderson Smith stated that "for the year and one-half I had this tractor before it burned Miss. Road Supply did all the Maintenance Work ... .", (2) On March 10, 1980, Anderson Smith allegedly stated as well:
[A]ll the work that was ever done on this Unit before it burned up that day in the field back behind my house here was done by MS. Road Supply Company in Jackson, Ms.  I know nothing about the Battery Cable and Clamp section of this Unit  I never did any work to the Battery  or to the Clamp  or to the Battery Cable or anywhere... .
(3) the invoices of MRSC voluntarily submitted to Zurich in order to aid Smith's settlement efforts in that the invoices reflected the mechanical condition of the bulldozer at the time of the fire; (4) invoices also appear in the record, showing the sale of the bulldozer by MRSC to Anderson Smith on November 8, 1978, and the subsequent sale of two batteries for the bulldozer by MRSC to Anderson Smith on August 27, 1979; (5) the reports made to Zurich by Forensic Science in February and March, 1980; and (6) the remarks of John Boutwell, Zurich's claims supervisor, who stated that the insurer filed suit upon the advice of counsel.
On July 12, 1982, Zurich, unable to obtain Smith's cooperation, requested a dismissal of the suit. On August 13, 1982, Zurich refiled the suit in its own name, only to request a second dismissal, this time with prejudice, on November 16, 1983, immediately following the hearing of a motion for summary judgment. Angered by the litigation, MRSC then filed against Zurich, on December 15, 1983, alleging that the insurer had engaged in a malicious prosecution as it lacked sufficient probable cause to maintain either suit.
On November 8, 1984, Zurich filed a motion for summary judgment, attaching thereto copies of the documents listed above. In turn, MRSC filed a brief response, alleging that it had not installed the battery clamp blamed for the fire, nor even the batteries afterward found in the bulldozer. It also noted that at no time during any of the conversations between Zurich and MRSC, either before or after filing suit, did the insurer inquire as to *414 whether the equipment dealer had installed the clamp. Upon argument of counsel, the trial judge sustained Zurich's motion.

I.
The elements of malicious prosecution are, (1) the institution or continuation of original judicial proceedings, either criminal or civil; (2) by, or at the instance of the defendants; (3) the termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the proceedings; and (6) the suffering of damages as a result of the action or prosecution complained of. Harvill v. Tabor, 240 Miss. 750, 753-54, 128 So.2d 863, 864 (1961). See also, Owens v. Kroger Co., 430 So.2d 843, 846 (Miss. 1983); Gaylord's of Meridian, Inc. v. Sicard, 384 So.2d 1042, 1043 (Miss. 1980); Pugh v. Easterling, 367 So.2d 935, 937 (Miss. 1979); State, for the Use and Benefit of Foster v. Turner, 319 So.2d 233, 235 (Miss. 1975); Gandy v. Palmer, 251 Miss. 398, 414, 169 So.2d 819, 826 (1964). The burden of proof for such rests with the plaintiff. Winters v. Griffis, 233 Miss. 102, 107, 101 So.2d 346, 348 (1958).
The case at issue turns primarily on the presence of probable cause. In J.C. Penney Co., Inc. v. Blush, 356 So.2d 590, 593 (Miss. 1978), the Court equated "probable cause" with "reasonable cause," defining it as a "reasonable ground for belief in the existence of facts warranting the proceedings complained of." The issue then is "whether the facts and circumstances upon which [the defendants] acted were such as to constitute probable cause or reasonable ground for their belief... ." Id. Zurich maintains that Smith's statements alone provided this "reasonable ground," thereby enabling it to secure summary judgment.
Miss.R.Civ.P. 56(c) states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (emphasis added). The Comment to Rule 56 adds, "[S]ummary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried." The underlying rationale of the rule then was to "expedite the determination of actions on their merits and to eliminate unmeritorious claims or defenses without the necessity of a full trial." Dethlefs v. Beau Maison Development Corp., 458 So.2d 714, 716 (Miss. 1984).
The seminal case on Rule 56 was Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983). In Brown, the Court noted that summary judgment involves a dual analysis: not only must the party opposing the motion bring forth "significant probative evidence demonstrating the existence of [a] triable issue of fact," but also the moving party must show that it is "entitled to judgment as a matter of law." Id. at 364. Should there be any question as to whether there is an issue of fact, the party opposing the motion receives the "benefit of every reasonable doubt." Id. at 362.
Significantly though, the issue before the Court must involve a material fact; "hot disputes" concerning non-material facts are irrelevant." Vickers v. First Mississippi National Bank, 458 So.2d 1055, 1061 (Miss. 1984). See also, Shaw v. Burchfield, 481 So.2d 247, 252 (Miss. 1985). A "material" fact tends to resolve any of the issues, properly raised by the parties. Pearl River County Board of Supervisors v. South East Collections Agency, Inc., 459 So.2d 783, 785 (Miss. 1984).
Procedurally, the trial court determines whether, based on the pleadings, affidavits, and other forms of evidence presented, there is a triable issue of material fact. If so, the motion for summary judgment must fail, since it is not the function of the court to resolve such an issue, absent trial. Dethlefs, 458 So.2d at 716. See also, Smith v. H.C. Bailey Companies, 477 So.2d 224, 234 (Miss. 1985). Therefore, the power to grant summary judgment is not *415 discretionary. Pearl River County Board of Supervisors, 459 So.2d at 785.
In the trial judge's opinion, he stated, Zurich-American Insurance Company had probable cause as a matter of law to institute the suits plaintiff claims were maliciously prosecuted against it. There being no substantial issue of material fact in this case, the Court is of the opinion that the defendant is entitled to judgment in its favor as a matter of law.
Undoubtedly, this reflects his reliance upon Smith's statements as well as the other information attached to the motion for summary judgment.
The trial judge was considering the merits of the case and not his power to grant a summary judgment. A review of the deposition of Emil Adams, an MRSC employee, was also before the court and clearly reveals that he, Adams, became actively involved in the negotiations with Zurich on settlement of Smith's claim, and through his efforts the amount paid Smith was almost double the original offer made by Zurich in payment thereof.
Adams, before being employed by MRSC, was an insurance adjuster and appraiser with General Adjustment Bureau with several years experience. He testified that Zurich's act in suing MRSC "was a vindicative act because I had interceded in Pat Smith's behalf and they were using this tactic to get back at Mississippi Road Supply." His deposition further reveals that he turned over to Zurich's representatives during Smith's claim negotiation several invoices showing shipment of parts to Smith, and that charges were made for the parts only  no labor or installation. He further testified that Smith did much of his own work on his tractor, as did other tractor owners. It is undisputed that these invoices were in possession of Zurich at the time the first suit was filed against MRSC. Also, Adams, testifying further concerning negotiations with adjusters and investigators for Zurich, stated that other Zurich personnel attributed the fire to causes other than a defective battery clamp. At no time was Adams or any other employee of MRSC questioned concerning the installation of the battery clamp, though Adams was asked by Zurich's investigators as to what he though the cause of the fire was. The only evidence in the record that the fire was caused by a defective battery clamp installed by MRSC was an inference, if it be evidence, from the statement of Smith. Zurich's investigators had no idea who installed the clamp.
We believe that the suit was prematurely dismissed and should have proceeded to trial. There was a dispute of material fact.
Under the facts and circumstances of this case, we hold that the trial judge was hasty in granting summary judgment in favor of [the defendant]. While it is true that the non-moving party must be diligent in opposing summary judgment, Bourn v. Tomlinson Interests, Inc., 456 So.2d 747, 749 (Miss. 1984), he must be given a fair opportunity to be diligent.
Smith, 477 So.2d at 233.
This case does cause the Court a great deal of concern, inasmuch as we do not desire to cast any chilling effect on the assertion of one's rights to bring a suit. Therefore, we offer no suggestion as to the ultimate outcome of this lawsuit but simply point out that the complainant here should have had a right to develop his case.
Consistent with the above, we reverse and remand for trial.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.