JAMES L. ROBERTS, Jr., Justice,
for the Court:
John S. Spradlin (“Spradlin”) filed a complaint in the Circuit Court of Washington County, Mississippi, against Atlanta Casualty Company (“Atlanta”) seeking to recover damages under the uninsured motorist (“UM”) coverage of an insurance policy he had with Atlanta on two vehicles owned by him, which were not involved in the events that gave rise to this case.[1] While traveling in an insured vehicle, Spradlin sustained personal injuries as a result of gunshots fired into the car by Robbie Wise, a passenger in an uninsured vehicle.[2] Atlanta denied the claim stating that there was no UM coverage for such an incident under the terms of the policy or under Mississippi law. The Circuit Court granted summary judgment in favor of Atlanta and dismissed Spradlin’s complaint with prejudice. A final judgment was entered on November 6, 1991. Spradlin appealed to this Court, raising the following issues:
I. WHETHER OR NOT THE UM STATUTE EXPRESSLY MANDATES THAT ALL AUTOMOBILE INSURANCE COMPANIES ISSUING AUTOMOBILE LIABILITY INSURANCE POLICIES AFTER JANUARY 1, 1967, INCLUDE UM COVERAGE AGREEING TO PAY THEIR INSURED ALL SUMS WHICH THE INSURED SHALL BE LEGALLY ENTITLED TO RECOVER AS DAMAGES FOR BODILY INJURY FROM THE OWNER OR OPERATOR OF AN UNINSURED MOTOR VEHICLE, THEN CAN STATE FARM REDUCE OR CUT DOWN THE SCOPE OF THE COVERAGE MANDATED BY THE UM STATUTE BY INCLUDING IN ITS POLICY HERE INVOLVED LANGUAGE REQUIRING THE BODILY INJURY TO BE CAUSED BY ACCIDENT ARISING OUT OF THE OWNERSHIP, MAINTENANCE OR USE OF AN UNINSURED MOTOR VEHICLE.
II. WHETHER OR NOT, UNDER THE CONTEXT OF THIS CASE AND THE INTERPRETATION OF THE UM STATUTE BY THE MISSISSIPPI SUPREME COURT, SPRADLIN’S AND CAGE’S INJURIES DID ARISE OUT OF THE USE OF A MOTOR VEHICLE BY AN UNINSURED OPERATOR.
Finding there is no uninsured motorist coverage under Mississippi law for such an incident, we affirm the lower court’s ruling and grant of summary judgment to Atlanta Casualty Company.

STATEMENT OF THE FACTS

Both Spradlin and Atlanta filed a Motion for Summary Judgment in this case. These motions were submitted to the trial court on a stipulation. The Stipulation of Facts reads in pertinent part as follows:
5.
That Atlanta had issued a policy or contract of insurance to Spradlin that was in full force and effect on March 22,1990, for automobile liability insurance including uninsured motorist coverage on two automobiles owned by Spradlin and naming Spradlin as the insured.
6.
That the policy of insurance issued by Atlanta to Spradlin referred to above contained a clause or provision providing uninsured motor vehicle bodily injury coverage *1391 (as defined by Section 83-ll-103(c)(i) MCA1972) in the amount of $10,000.00 per person insuring two vehicles owned by Spradlin.
7.
That on the afternoon of March 22, 1990, Spradlin was at Po-Boy’s Restaurant on U.S. Hwy. 82 in Leland, Mississippi. Spradlin’s cousin, Charles D. Cage (Cage) was also at Po-Boy’s. Cage was involved in a fight with Donald Wise at the Po-Boy’s Restaurant in Leland, Mississippi, arising out of an utterance made by Donald Wise to or toward Cage that Cage interpreted as being offensive or over the selection of a pool table or both.
[[Image here]]
9.
That Donald Wise, Robbie Wise and a person by the name of Larry Edwards then left the Po-Boy’s Restaurant in a vehicle operated by Robbie Wise.
10.
That after Donald Wise, Robbie Wise and Larry Edwards left Po-Boy’s Restaurant in Leland, Mississippi, Cage and Spradlin remained at Po-Boy’s Restaurant for approximately 45 minutes while Spradlin ate a sandwich.
11.
That Robbie Wise, Donald Wise and Larry Edwards went to the residence of Donald Wise between Leland, Mississippi and Greenville, Mississippi, after leaving Po-Boy’s Restaurant in Leland, Mississippi; that Donald Wise got from his house a 12 gauge shotgun and a number of shells and each of said persons proceeded to return to the vicinity of Po-Boy’s Restaurant in Leland, Mississippi, but in a 1980 Cadillac owned and operated by Donald Wise with Robbie Wise occupying the front, passenger seat.
12.
That the 1980 Cadillac owned and operated by Donald Wise on March 22, 1990 was uninsured as defined in Section 83-11-103(c)(i) MCA 1972.
[[Image here]]
That Cage and Spradlin left Po-Boy’s after dark on March 22, 1990 in a 1984 Buick LaSabre operated by Cage and occupied by Spradlin; and that Cage and Spradlin proceeded in an easterly direction on U.S. Hwy. 82 to the intersection of U.S. Hwy., 61 and then turned north on U.S. Hwy. 61 with the intent of going to Cleveland, Mississippi.
14.
That Donald Wise, operating the 1980 Cadillac with Robbie Wise and Larry Edwards as passengers going easterly on U.S. Hwy. 82, saw the vehicle operated by Cage depart or leave Po-Boy’s Restaurant and Donald Wise proceeded to follow the vehicle operated by Cage and occupied by Spradlin.
15.
That neither Cage nor Spradlin had any reason to know or believe that Donald Wise, Robbie Wise or Larry Edwards or either of them would return to or near the Po-Boy’s Restaurant in Leland, Mississippi, on the evening of March 22, 1990.
16.
That Donald Wise also proceeded in a northerly direction on U.S. Hwy. 61 but to the rear or behind the vehicle operated by Cage; that Donald Wise maneuvered the 1980 Cadillac operated by him by increasing the speed to catch up with the vehicle operated by Cage and at a point when the vehicle operated by Donald Wise was slightly to the rear and to the left of the vehicle operated by Cage that said Donald Wise instructed his brother, Robbie Wise, to fire the shotgun at the vehicle operated by Cage and occupied by Spradlin; that one or more shots were fired from the *1392 shotgun by Robbie Wise that struck the vehicle operated by Cage and occupied by Spradlin as a result of which both Cage and Spradlin sustained bodily injuries from the shots fired by Robbie Wise.
⅝ ⅜ ⅜ ⅝ ⅜ $
19.
That the bodily injuries sustained by Spradlin required hospitalization and treatment by a physician.
[[Image here]]
21.
That the applicable portion of the Atlanta policy involved reads as follows:

UNINSURED MOTORIST COVERAGE

Subject to the exclusions hereinafter stated, we will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury or property damage sustained by a covered person and caused by an accident. The owner’s liability of these damages must arise out of the ownership, maintenance or use of an uninsured motor vehicle.
22.
Spradlin is a “covered person” as defined in Atlanta’s policy and Spradlin’s claim is not included under the expressed exclusions of Atlanta’s policy appearing after that portion of the contract quoted in Paragraph 21 above.

DISCUSSION

This Court is required to conduct a de novo review when determining whether the trial court’s grant of summary judgment was warranted. See, Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993); Mantachie Natural Gas District v. Mississippi Valley Gas Company, 594 So.2d 1170, 1172 (Miss.1992).
A trial court may grant summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56.... Webb v. City of Newton, 583 So.2d 946, 949 (Miss.1991) (citing Mink v. Andrew Jackson Casualty Ins. Co., 537 So.2d 431, 433 (Miss.1988) (quoting Mississippi Road Supply v. Zurich-American Insurance Co., 501 So.2d 412, 414 (Miss.1987)).
Morgan v. City of Ruleville, 627 So.2d 275, 277 (Miss.1993).
There is no genuine issue of material fact in the case sub judice. The parties agreed on all factual issues and set them out in a written stipulation. The only matter to be determined is whether the trial court erred in holding that as a matter of law, Spradlin was not entitled to recover under the uninsured motorist coverage of the Atlanta policy for bodily injuries resulting from the shooting.
Since the facts and issues are the same in this case as in Spradlin v. State Farm Mut. Auto. Ins. Co., 650 So.2d 1383 (Miss.1995), we hereby adopt our argument and reasoning in that case.

CONCLUSION

The “arising-out-of ’ language in the Atlanta policy did not narrow the limits of UM coverage intended under Mississippi’s UM statute. The intent of the statute is complied with by UM coverage under the policy by affording to a person injured by an uninsured motorist the same protection he would have if injured by a financially responsible driver.
The shooting did not arise out of the “ownership, maintenance or use” of an uninsured motor vehicle. The use of the uninsured vehicle was merely incidental to what was an intentional and deliberate act.
For the foregoing reasons both issues are without merit and this case is affirmed.
JUDGMENT IS AFFIRMED.
*1393 HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS and SMITH, JJ., concur.
McRAE, J., dissents with separate written opinion.

. Spradlin also Bled suit against State Farm Mutual Automobile Insurance Company, the insurance carrier of the car Spradlin was riding in when injured, basing his claim on the same facts. The Circuit Court denied a motion to join the claims against State Farm and Atlanta. Subsequently the lower court granted summary judgment in favor of State Farm from which Spradlin has also appealed. See, Spradlin and Cage v. State Farm, 650 So.2d 1383 (Miss.1995).

. Robbie Wise and Donald Wise, the owner/driver of the uninsured vehicle, were also named as defendants in this case. However the claims against them were not adjudicated in these proceedings and do not concern us on this appeal.