319 So.2d 233 (1975)
STATE of Mississippi for the Use and Benefit of J.C. FOSTER et al.
v.
Irvan L. TURNER et al.
No. 48343.
Supreme Court of Mississippi.
October 6, 1975.
*234 W.S. Murphy, Lucedale, for appellant.
M.M. Roberts, Dorrance Aultman, Hattiesburg, William T. Bailey, Lucedale, for appellee.
Before PATTERSON, INZER and WALKER, JJ.
WALKER, Justice.
This is an appeal from the action of the Circuit Court of Greene County, Mississippi, in dismissing declarations filed on behalf of appellants in four separate suits, (which by order of the court were consolidated) in the name of the State of Mississippi for the use and benefit of J.C. Foster, David T. Fleming, D.L. Guy and Franklin Miller, adult resident citizens of Mobile County, Alabama, against appellees, Irvan L. Turner, a Mississippi game warden, and Aetna Casualty and Surety Company, purported surety, and Louie J. Beard, Justice of the Peace of District *235 One, Greene County, Mississippi, and United States Fidelity and Guaranty Company, his purported surety.
The appellants were hunting in the vicinity of the line which divides the states of Mississippi and Alabama when they were arrested by Irvan L. Turner, the game warden, advised that they were hunting deer in a closed season in Mississippi (appellants contend they were in Alabama), taken to the defendant, justice of the peace, their guns seized, found guilty and fined a total of $125 each. The appellants posted bond and perfected their appeal to the Circuit Court of Greene County.
For the purpose of this opinion, we will treat the defendants' motion to dismiss as a demurrer.
The declarations are all substantially the same and attempt to charge malicious prosecution or, in the alternative, abuse of process.

1. MALICIOUS PROSECUTION
In Edmonds v. Delta Democrat Publishing Company, 230 Miss. 583, 93 So.2d 171 (1957), Justice Gillespie, speaking for the Court, noted the distinction between a suit for malicious prosecution and one for abuse of process:
In the former, [suit for malicious prosecution] these elements are essential: Malice, want of probable cause, and that the former proceedings have been determined. In the latter, [suit for abuse of process] these elements are essential: An ulterior purpose, and the perversion of the process after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it. (230 Miss. at 593, 93 So.2d at 174).
Generally, to authorize the maintenance of an action for malicious prosecution arising out of a criminal proceeding, the following elements must be shown: (1) the institution of the criminal proceeding; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of prosecution or proceeding.[1]
The appellants failed to allege in their declarations that there had been a final determination, in their favor, of the criminal proceedings from which this litigation stems. Therefore, the declarations failed to state a cause of action based upon malicious prosecution.
We would point out that actions for malicious prosecution are regarded by law with jealousy and they ought not to be favored but managed with great caution. Their tendency is to discourage prosecution for crime as they expose the prosecutor to civil suits, and the love of justice may not always be strong enough to induce individuals to commence prosecution when, if they fail, they may be subjected to the expenses of litigation even though they are not found liable for damages. Suits by which the complainant in a criminal prosecution is made liable to an action for damages, at the suit of the person complained of, are not to be favored in law, as they have a tendency to deter men who know of the breaches of the law from prosecuting offenders thereby endangering the order and peace of the community. Although the court should not discourage actions for malicious prosecution, by establishing harsh rules of evidence, or by the rigid principles of law, by force of which a party may be deprived of an important remedy for a real injury, at the same time, all proper guard and protection should be drawn around those who, in obedience to the mandates of duty, may be compelled to originate, carry on, aid or assist in a criminal *236 prosecution which may from any cause terminate in favor of the accused.[2]

II. ABUSE OF PROCESS
The appellants argue that "even though the criminal cases may not have been disposed of ... nevertheless this would not excuse the game warden and justice of the peace for the abuse of process ... nor prevent appellants from maintaining their suit to recover damages for that which they alleged in their declarations resulted from illegal, unwarranted, improper and flagrant use and abuse of process with an ulterior purpose and motive by Turner and Beard, to collect fees from appellants and make a personal record, not in the interest of justice."
The action of abuse of process consists in the misuse or misapplication of a legal process to accomplish some purpose not warranted or commanded by the writ. It is the malicious perversion of a regularly issued civil or criminal process, for a purpose and to obtain a result not lawfully warranted or properly attainable thereby, and for which perversion an action will lie to recover the pecuniary loss sustained.[3] While some cases have confounded the action for abuse of process with the action for malicious prosecution, the two are essentially different and independent. An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued. Thus it is said in substance that the distinction between the two is that the malicious use of process is the employment of process for its ostensible purpose, but without reasonable or probable cause, whereas the malicious abuse of process is the employment of a process in a manner not contemplated by law, or to obtain an object which such a process is not intended by law to effect.[4]
It is generally recognized that the elements essential to sustain the action of abuse of process are: (1) that the defendant made an illegal and improper perverted use of the process, a use neither warranted nor authorized by the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of process; and (3) that damage resulted to the plaintiff from the irregularity.
The appellants argue that the perverted use of the process in this case was the ulterior motive of the defendants to collect fees from appellants, make a personal record for themselves and to confiscate the appellants' guns. This argument is without merit.
The assessment of fines and court costs [which in some instances includes fees to the justice of the peace], was a legitimate and lawful outcome of the arrest of the defendants upon being found guilty of hunting deer during closed season and cannot be said to be a perversion or misuse of process. Furthermore, if the diligent performance of their duties reflected favorably upon the record of the officers, then that too is a natural consequence flowing from their acts and is not a perversion of process. The allegation that the appellees unlawfully confiscated the appellants' guns, after being arrested for an alleged violation of hunting deer during closed season also fails to state a cause of action. The game warden was authorized to disarm the appellants and to seize and hold their guns as evidence pending a final determination of the criminal charges.
For the reasons stated above, we are of the opinion that the trial court properly *237 dismissed the declarations for failure to state a cause of action.
The judgment of the lower court is therefore affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.
NOTES
[1] See 52 Am.Jur.2d Malicious Prosecution § 6, p. 190 (1970).
[2] See Van Sant v. American Express Co., 158 F.2d 924, 931-32 (3rd Cir.1946); Cloon v. Gerry, 79 Mass. (13 Gray) 201 (1859).
[3] 1 Am.Jur.2d Abuse of Process § 1, p. 250 (1962).
[4] 1 Am.Jur.2d Abuse of Process § 2, pp. 250-51 (1962).