## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2023-CP-01393-COA

**ROBERT B. SULLIVANT, JR.**                                         **APPELLANT**

**v.**

**J. HALE FREELAND AND FREELAND MARTZ,**                 **APPELLEES**
**PLLC**

DATE OF JUDGMENT:     11/20/2023
TRIAL JUDGE:       HON. JOHN KELLY LUTHER
COURT FROM WHICH APPEALED: LAFAYETTE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:  ROBERT B. SULLIVANT JR. (PRO SE)
ATTORNEY FOR APPELLEES:   J. HALE FREELAND
NATURE OF THE CASE:    CIVIL - OTHER
DISPOSITION:       AFFIRMED - 03/11/2025
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1. Robert B. Sullivant Jr. (Sullivant) appeals from the November 20, 2023 order of the Lafayette County Circuit Court granting J. Hale Freeland and Freeland Martz PLLC's (collectively, Freeland) motion to dismiss Sullivant's complaint against Freeland and denying Sullivant's motion to amend the complaint.

### FACTS AND PROCEDURAL HISTORY

¶2. Sullivant's complaint arose out of actions Freeland took as counsel for an expert witness in a conservatorship action in the Lafayette County Chancery Court concerning Sullivant's father, Robert B. Sullivant Sr. (Sullivant Sr.). Sullivant attempted to conduct a post-trial deposition of Dr. Frank Perkins, a forensic psychiatrist who was an expert the

chancery court appointed to perform an independent medical examination of Sullivant Sr. pursuant to Mississippi Rule of Civil Procedure Rule 35.[1] Freeland entered an appearance in the chancery court case on behalf of Dr. Perkins and filed a motion to quash the deposition subpoena issued by Sullivant.[2]

¶3. In his motion to quash, Freeland argued that no reason existed to conduct further discovery since a conservator had been appointed for Sullivant Sr. and because the chancellor had found that Sullivant Sr. had the testamentary capacity to execute his will. Freeland also argued that Sullivant failed to comply with the Mississippi Rules of Civil Procedure regarding the service of the subpoena. After a hearing on August 30, 2023, in a ruling from the bench, the chancellor granted Freeland's motion to quash the deposition subpoena, and a written order was filed on August 31, 2023, in which the chancellor found:[3]

> [Sullivant's] subpoena did not comply with the Mississippi Rules of Civil Procedure nor the Mississippi Rules of Evidence; the deposition was not to take place where Dr. Perkins was located, nor did it provide for or tender compensation of Dr. Perkins to prepare and have his deposition taken. Moreover, it has not been shown that the deposition was within the scope of discovery, but on issues the Court has already heard and resolved.

¶4. Before the chancellor ruled on the motion to quash, Sullivant filed his complaint

---

[1] While a copy of the chancellor's order appointing Dr. Perkins is not contained in the circuit court record on appeal, the chancellor's order granting the motion to quash is in the appellate record and recites the fact of Dr. Perkins' appointment.

[2] Sullivant was represented by counsel during a portion of the chancery court proceedings. However, Sullivant filed a notice pro se to take the deposition of Dr. Perkins and apparently was not represented by counsel in the proceedings Freeland initiated to quash the subpoena. Sullivant represented himself in filing the circuit court complaint and now on appeal.

[3] Sullivant did not appeal the chancery court's order granting the motion to quash.

2

against Freeland in the Lafayette County Circuit Court on June 28, 2023. In Sullivant's complaint, he alleged that the motion to quash was improperly filed and sought damages from Freeland for abuse of process, intentional infliction of emotional distress, negligence, and gross negligence, and Sullivant also sought punitive damages. On July 20, 2023, Freeland filed a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6) and a motion for sanctions, including legal fees. On August 8, 2023, Sullivant filed a motion to amend his complaint, stating that "[t]he primary reason for this request is to include in the complaint recent actions taken by the defendant that fall within the Abuse of Process claim, which took place *after* the original complaint was filed." On August 14, 2023, Freeland filed a response to Sullivant's motion to amend, and Sullivant replied to that response on August 15, 2023. On September 18, 2023, Sullivant also filed a motion to strike Freeland's motion for sanctions and legal fees.

¶5. On October 24, 2023, the circuit court conducted a hearing on Freeland's motion to dismiss and Sullivant's motion to amend the complaint. After reviewing the pleadings and hearing the parties' arguments, the circuit court, in a ruling from the bench, granted Freeland's motion to dismiss, denied Sullivant's motion to amend his complaint, and found Sullivant's filing was frivolous, but the court did not impose any monetary sanctions. The circuit judge warned Sullivant that any future frivolous filings would be subject to monetary sanctions. On November 20, 2023, the court entered its written order granting Freeland's motion to dismiss and denying Sullivant's motion to amend, finding:

> "[Sullivant] failed in either the complaint or its proposed amendment to cite any authority, statute, case, or rule of law which might possibly have

3

constituted an abuse of process or any basis in which he stated a possible claim for relief against [Freeland]." It is well settled law that an attorney owes no duty to an adverse party that could create tort liability for actions taken during litigation. See *Henley, Lotterhos & Henley PLLC v. Bryant* (No. 021-IA-00994-SCT) (May 18, 2023).

## ANALYSIS

¶6. Sullivant appeals the circuit court's decision to grant Freeland's motion to dismiss for failure to state a claim upon which can be granted and the circuit court's denial of his motion to amend the complaint. We will address the circuit court's ruling on each motion below.

> **I.    Whether the circuit court erred in granting Freeland's motion to dismiss.**

¶7. "The standard of review for a trial court's grant or denial of a motion to dismiss is de novo." *Deere v. Taylor*, 394 So. 3d 991, 995 (¶18) (Miss. Ct. App. 2024) (quoting *Long v. Vitkauskas*, 228 So. 3d 302, 304 (¶5) (Miss. 2017)). In *Tiger Production Co. v. Pace*, 353 So. 3d 429, 433 (¶10) (Miss. 2022), the supreme court explained further:

> "A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Rose v. Tullos*, 994 So. 2d 734, 737 (¶11) (Miss. 2008). "When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006).
>
> *Weill v. Bailey*, 227 So. 3d 931, 934-35 [(¶14)] (Miss. 2017).

¶8. Sullivant's complaint alleged abuse of process, which Freeland allegedly committed by filing a motion to quash the post-trial deposition subpoena of Dr. Perkins. He claimed that Freeland's actions amounted to intentional infliction of emotional distress and that Freeland was negligent or grossly negligent in filing the motion to quash and requested

4

punitive damages for gross negligence. Sullivant alleges that Freeland's "tortious interference into his Chancery Court matter, and his subsequent abuses of process" regarding the conservatorship action concerning his father, resulted in damages to Sullivant.

¶9. In *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (¶10) (Miss. 2005), the supreme court stated:

> This Court has defined abuse of process as follows:
>
> > The action of abuse of process consists in the misuse or misapplication of a legal process to accomplish some purpose not warranted or commanded by the writ. It is the malicious perversion of a regularly issued civil or criminal process, for a purpose and to obtain a result not lawfully warranted or properly attainable thereby, and for which perversion an action will lie to recover the pecuniary loss sustained.
>
> *Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 393-94 (Miss. 2001) (quoting *State ex rel. Foster v. Turner*, 319 So. 2d 233, 236 (Miss. 1975) (footnote omitted)).

In *Goode v. Walmart Inc.*, 372 So. 3d 149, 165 (¶46) (Miss. Ct. App. 2023), this Court explained:

> The elements of an abuse of process claim are as follows: "(1) the party made an illegal use of a legal process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process." *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (¶10) (Miss. 2005); *see Croft* [*v. Grand Casino Tunica Inc.*], 910 So. 2d [66,] 76 (¶37) [(Miss. Ct. App. 2005)].

¶10. Pursuant to Mississippi Rule of Civil Procedure 45, Freeland filed the motion to quash the deposition subpoena on Perkins' behalf, alleging that Sullivant was not entitled to post-trial discovery and that Sullivant had not complied with the Mississippi Rules of Civil Procedure in serving the deposition subpoena on Perkins.

¶11.    As noted above, the chancellor conducted a hearing on the motion to quash the deposition subpoena.  Such a motion was proper pursuant to Rule 45.  Sullivant failed to allege in his complaint how the filing of this motion was "for a purpose and to obtain a result not lawfully warranted or properly attainable thereby."  *Ayles*, 907 So. 2d at 303 (¶9).  The motion was to quash a deposition subpoena, and the chancellor granted that motion.  That is a result authorized by Rule 45.  The circuit court found that Freeland's action of filing the motion to quash the deposition subpoena of his client, Dr. Perkins, could not give rise to Freeland being liable to Sullivant in a tort action.

¶12.    In *Henley, Lotterhos & Henley PLLC v. Bryant*, 361 So. 3d 621, 629 (¶26) (Miss. 2023), the court found:

> Mississippi caselaw does not support a finding that HLH could be held civilly liable for actions taken in its official capacity as an attorney representing its client. *Gilmer v. McRae*, 355 So. 3d 219, 225 (Miss. 2022) (finding that attorneys were immune from suit when acting in their official capacities); *see Roussel* [*v. Robbins*], 688 So. 2d [714,] 725 [(Miss. 1996)] (finding that an attorney has no duty to the adverse party that could give rise to recovery under a tort theory).

In *Clinton v. Johnson*, No. 5:12-cv-848-DCB-RHW, 2013 WL 870361, at *4 (S.D. Miss. Mar. 7 2013), a case cited in *Henley*, the federal court stated:

> But the only actions allegedly taken by the Morgan & Morgan Defendants were the routine actions of a lawyer representing a client, albeit in an allegedly frivolous lawsuit. Under Mississippi law these actions alone cannot form the basis of a malicious prosecution claim or any other tort claim, and accordingly, all **Clinton's claims against the Morgan & Morgan Defendants will be dismissed with prejudice because Clinton has failed to state a plausible claim against them**.

(Emphasis added).  In that case, two of Clinton's claims that were dismissed were abuse of

process and intentional infliction of emotional distress.

¶13.　In the present case Freeland, on behalf of his client, filed a motion to quash a deposition subpoena, which was authorized by our rules and is among "routine actions of a lawyer representing a client." The motion served its intended purpose because the subpoena was quashed. Therefore, no basis exists to find an abuse of process, intentional infliction of emotional distress, negligence, or gross negligence under the facts of this case. The circuit court committed no error in granting Freeland's motion to dismiss.

**II.　Whether the circuit court erred in denying Sullivant's motion to amend his complaint.**

¶14.　In *Archer v. Harlow's Casino Resort and Spa*, 395 So. 3d 71, 74 (¶9) (Miss. Ct. App. 2024), we explained the trial court's discretion to deny a motion to amend a complaint:

> We review the denial of a motion to amend a complaint "under an abuse of discretion standard. *Harmon v. Regions Bank*, 961 So. 2d 693, 701 (¶28) (Miss. 2007). "[W]hen the proposed amendment would still render the claim futile, the [trial court] is well within [its] discretion to deny such request." *Spiers v. Oak Grove Credit LLC*, 328 So. 3d 645, 651 (¶14) (Miss. 2021) (quotation marks omitted) (quoting *Griffin v. CitiMortgage Inc.*, 296 So. 3d 767, 772 (¶13) (Miss. Ct. App. 2020)). "In other words, a court may deny a motion for leave to amend a complaint if the proposed amended complaint would still fail to state a claim upon which relief could be granted." *Id*. (quoting *Griffin*, 296 So. 3d at 772 (¶13)); *see also id*. at 651 (¶15) ("To be futile, the amendment must fail to state a claim.").

¶15.　During the argument on the motions, Sullivant advised the circuit court that there were other instances of abuse of process that had occurred in the chancery court since the initial complaint was filed. The circuit court's order does not specifically address the motion to amend, other than to deny it, but the circuit judge did explain his reasoning during the hearing:

7

BY MR. SULLIVANT: There are some other instances of abuse of process such as the notice of hearing which I did not agree to but for some reason the motion got on the books and per the local rules of the chancery court I have to agree to the time and place of the hearing. That did not happen. The hearing did get on the docket. Then, secondly, the actual order that was entered after the motion to quash was filed under my objection. I didn't agree to it and I did not sign off on the order which is customary in the chancery court that both sides sign off on the order. And I have the order over here that Mr. Freeland somehow got that order filed with my objection to it.

BY THE COURT: Have you brought that to the attention of the chancery court?

BY MR. SULLIVANT: I have not yet.

BY THE COURT: I'm not, I'm not going to allow you to amend the complaint to complain about the way a chancery court order matter was set for a hearing or a matter in which an order was filed in chancery court without the chancery court having an opportunity to say yes, this was right. No this was right. This is not the right venue for that. If you got a complaint on how an order was entered in chancery court or however the matter was set for hearing in chancery court take it up with the chancery court.

. . . .

BY THE COURT: The court is of the opinion that the matter in which an order is filed in chancery court is not a subject for abuse of process claim in circuit court and so, I am going to deny your motion to amend the complaint.

¶16. Sullivant's arguments in support of his contention that the circuit court erred by denying him the opportunity to amend his complaint are without merit. Because we find there was no abuse of process, as noted above, any proposed amendment purporting to detail other instances of abuse of process concerning the motion to quash and the entry of the chancery court's order would be futile. We find no abuse of discretion in the circuit court's denial of Sullivant's motion to amend the complaint.

**CONCLUSION**

8

¶17. The circuit court's dismissal of Sullivant's complaint and the denial of his motion to amend his complaint are affirmed.

¶18. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, WEDDLE AND ST. PÉ, JJ., CONCUR.**